1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5                  FOR THE EASTERN DISTRICT OF CALIFORNIA

6

7   JAMES M. DAVIS; ANDREA E. DAVIS,   )
                                       )
8                Plaintiffs,           )        2:10-cv-00117-GEB-EFB
                                       )
9            v.                        )        ORDER GRANTING EACH
                                       )        DEFENDANT'S MOTION TO TRANSFER
10  TOP FLIGHT ACADEMY, LLC, dba TOP   )        VENUE*
    FLIGHT ACADEMY, a Utah Limited     )
11  Liability Company; CLAYTON         )
    JUSTENSEN; CINDY JOHANSEN; DOES 1  )
12  through 10, inclusive,             )
                                       )
13               Defendants.           )
                                       )
14

15           Defendants Top Flight Academy, LLC ("Top Flight") and

16  Clayton Justensen filed a motion on April 1, 2010, seeking to transfer

17  this case to the United States District Court for the Central Division

18  of Utah under 28 U.S.C. § 1404(a).  (Docket No. 9.)  Defendant Cindy

19  Johansen filed a separate motion to transfer in which she "joins and

20  incorporates by reference" the arguments in Top Flight and Justensen's

21  motion. (Johansen Mot. to Transfer 1: 26-28) (Docket No. 17.)

22  Plaintiffs filed a single opposition brief opposing both transfer

23  motions, primarily arguing that their son and main witness, Shawn

24  Berwind, resides in the Eastern District of California.  Plaintiffs'

25  claims relate to their allegation that their son Shawn began a sexual

26

27  _____

28       *    This matter is deemed to be suitable for decision without oral
    argument.  E.D. Cal. R. 230(g).

                                    1

relationship with his Top Flight instructor, Defendant Johansen, while enrolled at Top Flight.

## I.  BACKGROUND

Plaintiffs allege in their complaint that on or about October 31, 2007, Plaintiffs entered into a written and oral agreement, under which they enrolled their son Shawn at Top Flight. (Compl. ¶ 5.)  Top Flight is a "Utah-licensed residential treatment center" located in Mount Pleasant, Utah.  (<u>Id.</u> ¶¶ 5, 51.)  Plaintiffs allege that while Shawn was enrolled at Top Flight, he met Defendant Johansen, an instructor at Top Flight, and began an inappropriate sexual relationship with her.  (<u>Id.</u> ¶¶ 7, 12.)

Plaintiffs allege that Shawn left Top Flight and returned to his home in Sacramento in early July 2008.  (<u>Id.</u> ¶ 17.)  After Shawn's return, Plaintiffs allege they discovered a letter Johansen wrote Shawn, which "read like a love letter . . . ."  (<u>Id.</u> ¶ 19.) Plaintiffs also allege they also discovered emails Johansen sent Shawn that were "overly familiar and flirtatious."  (<u>Id.</u> ¶ 23.)  Plaintiffs allege that in one e-mail, Johansen suggested that Shawn and his friends drive from Sacramento to Utah to receive tutoring.  (<u>Id.</u>)  In December 2008, Shawn allegedly ran away from home on several occasions. (<u>Id.</u> ¶25.)  During one absence, Plaintiffs allege Shawn told them he was in Utah.  (<u>Id.</u>)

Plaintiffs further allege they wrote Top Flight a letter dated December 5, 2008, in which they demanded reimbursement for the tuition and expenses they incurred to enroll Shawn at Top Flight. (<u>Id.</u> ¶ 29.)  Defendant Justensen, the Executive Director and part owner of Top Flight, allegedly refused the reimbursement request. (<u>Id.</u> ¶¶ 6, 30.)

1    Thereafter, Plaintiffs filed their complaint in this action,
2    in which they seek damages under Title IX of the Education Amendments
3    of 1972, 20 U.S.C. § 1681 *et seq.*, and allege the following state
4    claims: negligence, negligent supervision and hiring, breach of
5    contract and breach of the covenant of good faith and fair dealing.

6                          **II.  LEGAL STANDARD**

7    Under 28 U.S.C. § 1404(a), "a district court may transfer
8    any civil action to any other district or division where it might have
9    been brought" "[f]or the convenience of [the] parties and witnesses,
10   [or] in the interest of justice . . . ."  "[A] two-step analysis [is
11   used under section 1404(a)] to determine whether a transfer is
12   proper."  Gonsalves v. Infosys Techs., LTD, No. C 09-04112 MHP, 2010
13   WL 1854146, at *4 (N.D. Cal. May 6, 2010).  "The threshold question
14   under section 1404(a) requires the court to determine whether the case
15   could have been brought in the forum to which the transfer is sought.
16   If venue would be appropriate in the would-be transferee court, then
17   the court must make an individualized, case-by-case consideration of
18   convenience and fairness."  Id. (quotations and citations omitted).
19   In deciding whether transfer is convenient and fair, "multiple
20   factors" are weighed, including "(1) the location where the relevant
21   agreements were negotiated and executed, (2) the state that is most
22   familiar with the governing law, (3) the plaintiff's choice of forum,
23   (4) the respective parties' contacts with the forum, (5) the contacts
24   relating to the plaintiff's cause of action in the chosen forum, (6)
25   the differences in the costs of litigation in the two forums, (7) the
26   availability of compulsory process to compel attendance of unwilling
27   non-party witnesses, and (8) the ease of access to sources of proof."
28   Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000)

(citations omitted).  Additionally, a contractual forum selection clause and any relevant public policy of the forum state are "significant" factors in this analysis.  Id. at 499.  However, "[n]o single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis."  Ctr. for Biological Diversity v. Kempthorne, No. C 08-1339 CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citations omitted).  "The party seeking transfer for convenience . . . generally bears the burden to show that another forum is more convenient and serves the interest of justice.  The inquiry is not whether one venue or another would be the best venue; but rather whether there is a venue that is more convenient."  F.T.C. v. Watson Pharms., Inc., 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009) (citing GNC Franchising, 211 F.3d at 499).

## III.  DISCUSSION

### A.  This Action Could Have Been Filed Initially in the United States District Court for the Central Division of Utah

Defendants argue transfer to the United States District Court for the Central Division of Utah is permissible because Plaintiffs could have initially filed their complaint in that judicial district.  (Top Flight Mot. to Transfer 5:21-6:5.)  Plaintiffs do not dispute that this case could have initially been filed in the United States District Court for the Central Division of Utah.

### B.  Multiple Factors Weigh in Favor of Transferring this Action to the United States District Court for the Central Division of Utah

### 1.  Forum Selection Clause

Defendants primary argument supporting transfer is that a clause in the contract entered into between Plaintiff James Davis and Top Flight is a "forum selection clause" which "designat[es] that any

1   dispute between the parties . . . [be] subject to the jurisdiction of
2   Sanpete County, Utah."  (Top Flight Mot. to Transfer 3:22-26.)
3   Plaintiffs respond that the contractual provision only applies to two
4   of Plaintiffs' five claims and is unenforceable.  (Opp'n 2:25-3:15,
5   4:16-6:10.)

6          The contractual provision the parties characterize as a
7   "forum selection clause" states:

8          CHOICE OF JURISDICTION, LAW AND OTHER MATTERS:
           [James M. Davis] agrees to be subject to
9          jurisdiction of Sanpete County, Utah in any
           dispute between the parties to this Agreement.
10

11  (Delanoy Decl., Ex. A ¶ 8.)  This contractual provision is not a forum
12  selection clause since it only concerns jurisdiction.  "When only
13  jurisdiction is specified[,] the clause will generally not be enforced
14  [as a forum selection clause] without some further language indicating
15  the parties' intent to make jurisdiction exclusive."  <u>Docksider, Ltd.
16  v. Sea Technology, Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989) (citations
17  omitted).  Therefore, this contractual provision does not favor
18  transfer.
19  **2.   The Location Where The Relevant Agreements Were Negotiated and
       Executed**
20          Neither party specifically addresses the factor concerning
21  the location where the relevant agreement was negotiated and executed.
22  However, Plaintiffs allege they "entered into a written and oral
23  agreement" with Top Flight in Mount Pleasant, Utah.  (Compl. ¶ 51.)
24  Since this allegation shows that Plaintiffs executed the contract in
25  Utah, this factor weighs in favor of transfer.
26  **3.   State That Is Familiar With the Governing Law**

27          Defendants argue the contract contains a provision requiring
28  that Utah law governs any dispute between the parties, and therefore,

1  this factor weighs in favor of transfer.  (Mot. to Transfer 8:14-23.)

2  Plaintiff responds "the law at issue here is federal law (Title IX)

3  and basic contract and negligence law."  (Opp'n 6:19-20.)

4      The contract includes a "choice of law" provision, which

5  provides in pertinent part, "Utah law shall govern this Agreement."

6  (Delanoy Decl., Ex. A. ¶ 8.)  Accordingly, Utah law, at a minimum,

7  will apply to Plaintiffs' breach of contract claim.  However,

8  California choice of law principles will likely determine whether

9  California or Utah law is applicable to Plaintiffs' other state law

10 claims.  See Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th

11 Cir. 2001) (stating that "[a]fter a transfer pursuant to 28 U.S.C. §

12 1404(a), the transferee district court generally must apply the state

13 law that the transferor district court would have applied had the case

14 not been transferred.")  Therefore, this factor has not been shown to

15 weigh in favor of transfer.

16 **4.  Plaintiffs' Choice of Forum**

17     Plaintiffs elected to file suit in California, the state in

18 which Plaintiffs and their son, Shawn, reside.  Plaintiffs choice of

19 forum is generally a factor weighing in favor of Plaintiffs' chosen

20 forum.  However, where the forum lacks any significant contact with

21 the activities alleged in the complaint, plaintiff[s'] choice of forum

22 is given considerably less weight, even if the plaintiff[s] [are]

23 resident[s] of the forum."  Cohen v. State Farm and Cas. Co., No.

24 C1:09-cv-1051 AWI DLB, 2009 WL 2500729, at *3 (E.D. Cal. Aug. 14,

25 2009) (quotations and citations omitted).

26     California lacks significant contacts with the activities

27 alleged in the complaint.  Plaintiffs executed their contract with Top

28 Flight in Utah, which is also where Johansen, a Top Flight instructor,

is alleged to have engaged in a sexually inappropriate relationship with Plaintiffs' son.  Although deference is given to Plaintiffs' choice of forum, and therefore, this factor weighs against transfer, the weight of this factor is minimal since Utah has a much greater connection to Plaintiffs' claims than California.

**5.   The Respective Parties' Contacts with the Forum**

Further, the parties' respective contacts with the forum favors transfer.  Although Plaintiffs reside in California, they entered into a contract with Top Flight in Utah, under which their son was to receive services in Utah.  (Compl. ¶ 51.)  Plaintiffs' son was enrolled at Top Flight from late October 2007 to July 2008, which is where and when his allegedly inappropriate sexual relationship with his Top Flight instructor began.  (Id. ¶¶ 12-17.)  Further, each individual defendant is a Utah resident.  (Id. ¶¶ 5-8.)  There are no allegations in the complaint suggesting that either individual defendant has a significant contact to California.  Since the "majority of the parties' contacts are with [Utah] and not California, this factor weighs in favor of transfer." Cohen, 2009 WL 2500729, at *3.

**6.   Contacts Relating to Plaintiffs' Claims**

The contacts relating to Plaintiffs' claims also favor transfer.  The contract that Plaintiffs allege Top Flight breached was entered into and was to be performed in Utah and is governed by Utah law.  (Compl. ¶ 51.)  Further, Top Flight's alleged negligent supervision and hiring occurred in Utah as did Defendant Johansen's, alleged negligence.  (Id. ¶¶ 40-41, 43-48.)  The alleged "sexual harassment" on which Plaintiffs' Title IX claim is based also occurred primarily in Utah.  (Id. ¶ 31-35.)  Therefore, there are no meaningful

contacts with the Eastern District of California and this factor favors transfer.

**7.    The Differences in the Costs of Litigation in the Two Forums**

Neither party has specifically addressed the differences in costs of litigating in the two forums.  Therefore, it is unknown whether the cost to litigate in Utah is greater than in California. Plaintiffs argue their "main witness," Shawn, "is currently unemployed and in junior college making his attendance [in Utah] financially and pragmatically difficult."  (Opp'n 7:26-8:1.)  However, if this action remains in California, the individual defendants will have to travel from Utah to California.  Nevertheless, Defendants have not shown that this factor favors transfer.

**8.    Availability of Compulsory Process to Compel Attendance**

Defendants argue the factor concerning the availability of compulsory process to compel attendance of unwilling non-party witnesses weighs in favor of transfer since "[a]ll of the witnesses who may be called to testify via subpoena are outside the subpoena power of the California Eastern District Court."  (Top Flight Mot. to Transfer 9:16-17.)  Defendants further argue "Plaintiffs may call Shawn's counselor, Eldon Barnes as well as non-party students and teachers who were witnesses to Shawn's relationship with Johansen, all who are Utah residents.  Plaintiffs respond that "any inability to secure witness testimony from non-party witnesses in Utah causes Plaintiffs potentially more harm" and they have "already considered this matter and opted to pursue their claims in the Eastern District." (Opp'n 7:20-23.)

"To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe

their testimony and its relevance." <u>Williams v. Bowman</u>, 157 F. Supp.
2d 1103, 1108 (N.D. Cal. 2001) (citation omitted).  Further, "it is
the convenience of non-party witnesses, rather than that of employee
witnesses, . . . that is the more important factor and is accorded
greater weight." <u>Cohen</u>, 2009 WL 2500729, at *4; <u>see also</u> <u>Lum v.
Scitor Corp.</u>, No. C 09-5828 JF, 2010 WL 1460314, at *4 (N.D. Cal. Apr.
9, 2010) (stating "Defendant's employees are not third-party
witnesses, and compulsory process is unnecessary as to these
individuals.")

        Defendants merely make reference to other "non-party
students and teachers who were witnesses to Shawn's relationship with
Johansen."  This reference is insufficient to "show[] the
[in]convenience of these unnamed witnesses." <u>Williams</u>, 157 F. Supp.
2d at 1108.  Therefore, Defendants have not shown that this factor
favors transfer.

**9.    Ease of Access to Sources of Proof**

        Defendants argue the ease of access to sources of proof
factor favors transfer since there are limited documents in the case
and the majority of witnesses and parties reside in Utah.  (Top Flight
Mot. to Transfer 9:4-13).  Plaintiffs do not address this factor
specifically but argue "the central witness in this matter is the
alleged victim, Shawn, a Sacramento resident."  (Opp'n 7:8-9.)  While
Defendants have not sufficiently identified non-party witnesses who
reside in Utah, Defendants Johansen and Justensen are Utah residents.
Therefore, this factor does not weigh for or against transfer.

**10.  Relevant Policy of Forum State**

        Plaintiffs also argue that transfer would "contravene
California public policy," and therefore the factor concerning the

relevant policy of the forum state weighs against transfer. (Opp'n 5:24.)  Plaintiffs, however, have not identified any relevant public policy that would be impaired by transfer of this action to Utah. Therefore, Plaintiffs have not shown that this factor weighs against transfer.

## IV.   CONCLUSION

On the balance, the section 1404(a) factors weigh in favor of transferring this action to the United States District Court for the Central Division of Utah.  Utah has more significant contacts to the Plaintiffs' claims and the parties. Therefore, each Defendants' motion to transfer is granted and this action is transferred to the United States District Court for the Central Division of Utah.

Dated:  May 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge